UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER MARLOWE** | **CIVIL ACTION** |
| **VERSUS** | |
| **JAMES LEBLANC, ET AL.** | **NO.: 18-63-BAJ-EWD** |

## RULING AND ORDER

Before the Court are Defendants' **Emergency Motion to Stay Enforcement of the TRO Pending Appeal (Doc. 117)** and **Emergency Motion for Expedited Consideration of Defendants' Emergency Motion to Stay Enforcement (Doc. 118)**. Plaintiff filed a Memorandum in Opposition (Doc. 119). Defendants further filed a Reply Memorandum in Support (Doc. 121). For the reasons stated herein, Defendants' **Motions (Doc. 117 & 118)** are **DENIED**.

Plaintiff is an inmate who has been diagnosed with diabetes. Currently housed in the Rayburn Correctional Center, Plaintiff filed a Motion for Temporary Restraining Order and/or Emergency Motion for Temporary Release (Doc. 93) stemming from the COVID-19 pandemic. Plaintiff alleges that the conditions within the facility violate the Eighth Amendment prohibition against cruel and unusual punishment by subjecting him to a risk of contracting COVID-19 which, as a diabetic, places him at a high risk of suffering potentially deadly effects of the virus. *See* (Doc. 93). The Court granted Plaintiff's Motion in part and denied it in part. *See* (Doc. 115). Finding that Defendants had promulgated protective policies that they do not appear

to be implementing to ensure Plaintiff's Eighth Amendment rights are not violated, the Court ordered Defendants to submit a Plan to ensure such implementation as applied to Plaintiff. (Doc. 115, at p. 14).

Defendants now move to stay enforcement of the Court's Order. *See* (Doc. 117). In support, Defendants rely heavily on the recently entered opinion in *Valentine v. Collier*, No. 20-20207, 2020 WL 1934431 (5th Cir. Apr. 22, 2020), where a preliminary injunction, entered against the Texas Department of Criminal Justice (TDCJ) in a matter involving a prison system's effort to mitigate the spread of COVID-19, was stayed. (Doc. 117, at p. 3). The circumstances in *Valentine* are so similar to the instant case, Defendants argue, that a stay should likewise be entered here. *Id*.

The Court disagrees. Two significant factors distinguish the instant case from *Valentine*, and each mandate that the stay request be denied. First, unlike *Valentine*, this Court has not ordered Defendants to modify their own laws, to comply with existing state laws or to implement any precautionary measures aimed at ensuring the Plaintiff's health and safety. In *Valentine*, the district court imposed numerous measures that, according to the United States Court of Appeals for the Fifth Circuit, went well beyond the TDCJ's own policies. In stark contrast, the Court in this matter merely required "that Defendants shall submit to the Court a Plan to ensure implementation…as recommended by the Center for Disease Control and other public health authorities…for the protection of the Plaintiff." (Doc. 115, at p. 14). To the extent the Louisiana Department of Corrections has promulgated policies for the implementation of precautionary measures that are consistent with public health

2

authorities, including the Louisiana Department of Health, it need only report such when it submits the Plan.

Although Defendants correctly point out that the states have an interest in enforcing their own laws and the Eleventh Amendment prohibits federal courts from enjoining state facilities to follow state law, the Court did not order Defendants to do so. *Valentine*, at *4. Defendants' interests in enforcing state law does not grant permission to operate within a black box that may facilitate violations of federal law, including the Eighth Amendment. Rather than impose any procedures or requirements upon Defendants that override their own policies, the Court has simply mandated that Defendants provide a Plan to satisfy the Court that Defendants are in fact taking steps to ensure Plaintiff's safety during the COVID-19 crisis. Plaintiff raised genuine concerns over the state of affairs within Rayburn. The Court simply seeks satisfaction that Defendants are not in violation of federal law with respect to Plaintiff's rights.[1]

Second, Defendants rely on the portion of *Valentine* that held that the mandatory exhaustion of administrative remedies under the Prison Litigation Reform Act remained in place because relief was still available, even if "not as swift[] as Plaintiffs would like." *Id.* Again, unlike in *Valentine*, Plaintiff has adequately

---

[1] The Court notes that failure to implement policies may entitle Plaintiff to relief under federal law. *Johnson v. Epps*, 479 F. App'x 583, 590 (5th Cir. 2012). Other circuits have also acknowledged this general truth. *See Tafoya v. Salazar,* 516 F.3d 912, 918–19, 922 (10th Cir.2008) ("knowing failure to enforce policies necessary to the safety of inmates may rise to the level of deliberate indifference"); *Cash v. County of Erie*, 654 F.3d 324, 334–38 (2d Cir.2011) (finding sufficient evidence to support a jury finding of deliberate indifference where sheriff failed to implement policy designed to prevent sexual assault).

3

alleged that the resolution of this matter through the administrative grievance process is not available here. Plaintiff has indicated concern over the availability of administrative remedies from the beginning, though he did eventually file a request to initiate an Administrative Remedy Procedure (ARP). (Doc. 102–2, at p. 2). Warden Tanner testified that such administrative proceedings, if deemed an emergency, would be processed within approximately 48-hours. (Doc. 110–1, at p. 45). However, in opposition to the instant Motion, Plaintiff has attached official proclamations indicating that the Governor of Louisiana and Defendant LeBlanc have suspended deadlines regarding the administrative regulations, which have resulted in the unavailability of the grievance processes. (Doc. 119–2, 119–3). In fact, the ARP filed by the Plaintiff in this matter has been pending since April 7, 2020, well beyond the 48-hour period promised by officials at Rayburn. Defendants have provided nothing to suggest that the ARP will be administratively adjudicated in the near term, and given the suspension of the ARP process by DOC officials, this avenue of relief is simply unavailable to Plaintiff. As such, the Court cannot conclude as a matter of law that administrative remedies are in fact available to Plaintiff at this time, rendering them impossible to exhaust.

Lastly and critically, the Court finds that Defendants have not satisfied the factors required to impose a stay. This Circuit evaluates four factors when deciding whether to stay an injunction pending appeal, with priority given to the first two: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)

whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Barber v. Bryant*, 833 F.3d 510, 511 (5th Cir. 2016). The Court is not persuaded that Defendants, who largely rely on the same arguments advanced when the Court issued its Ruling, coupled with the distinguishable facts in *Valentine*, have made a strong showing that they are likely to succeed on the merits. Secondly, Defendants have failed to demonstrate that being required to submit a plan as contemplated in the Court's Order (Doc. 115) will irreparably injure them. To round out the factors, Defendants have not demonstrated that any other parties will be injured absent a stay, and the public interest supports the protection of Eighth Amendment rights.  As such, the Court's Ruling must stand.

Accordingly,

**IT IS ORDERED** that Defendants' **Emergency Motion to Stay Enforcement of the TRO Pending Appeal (Doc. 117)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' **Emergency Motion for Expedited Consideration of Defendants' Emergency Motion to Stay Enforcement (Doc. 118)** is **DENIED**.

Baton Rouge, Louisiana, this 27th day of April, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**